## APPEAL OF EDWARD ROSE CO.

Docket No. 2092. Submitted May 27, 1925. Decided July 14, 1925.

The taxpayer, the New England Fibre Co., and the Nutfield Retaining Co. were affiliated from April 1 to December 31, 1919.

*Mark Eisner, Esq.*, for the taxpayer.
*J. H. Byrne, Esq.*, for the Commissioner.

Before JAMES, LITTLETON, and TRUSSELL.

This appeal involves a deficiency in income and profits taxes for the calendar year 1919 in the amount of $7,690.44, arising from a denial by the Commissioner of taxpayer's claim that for the year 1919 it was affiliated with the New England Fibre Co. and the Nutfield Retaining Co.

## FINDINGS OF FACT.

Taxpayer is a Massachusetts corporation with principal. office and place of business at Boston. Since its organization it has been engaged in buying and selling cotton and cotton waste. During the year 1919 all of the voting stock of the corporation was owned by its president, Edward Rose.

The New England Fibre Co., hereinafter called the Fibre Company, is a New Hampshire corporation, with a capital of $100,000, divided into 1,000 shares of common stock of the par value of $100 each. Since its organization it has been engaged in the manufacture of cotton felts, cotton shoddy, mattresses, and cotton wastes at Derry, N. H.

The Nutfield Retaining Co., hereinafter called the Retaining Company, is also a New Hampshire corporation with principal offices at Derry. Since the date of organization its capital stock has been $25,000, divided into 500 shares of common stock of the par value of $50 each. The Retaining Company, a real estate company, during the year 1919 owned the premises used by the Fibre Company. It had no other property and its only income was the rental received from the Fibre Company.

During 1917 Edward Rose purchased 500 shares of the capital stock of the Fibre Company and 250 shares of the stock of the Retaining Company for the purpose of obtaining control of the purchases and the output of the Fibre Company. Shortly thereafter he sold 50 shares of the stock of the Fibre Company and 25 shares of the stock of the Retaining Company to his uncle, F. A. Epstein. During the same year he gave 50 shares of the stock of the Fibre Company and 50 shares of the stock of the Retaining Company to his brother, Henry Rose, and 50 shares of the stock of the Fibre Company and 25 shares of the stock of the Retaining Company to his brother-in-law, I. G. Mann. This stock was given to Henry Rose and Mann with the understanding that it could be paid for out of profits. It was, however, endorsed by them in blank and was actually in the possession of Edward Rose at all times from the date it was transferred to Henry Rose and Mann until the end of the year 1919.

The voting stock of the three companies at the beginning of the year 1919 and until on or about October 1, 1919, stood in the name of the following persons:

*Edward Rose Company.*

| | Shares. | Per cent. |
|---|---|---|
| Edward Rose | 1,500 | 100 |

*Fibre Company.*

|  | Shares. | Per cent. |
|---|---|---|
| Edward Rose | 350 | 35 |
| Henry Rose, Edward Rose's brother | 50 | 5 |
| I. G. Mann, Edward Rose's brother-in-law | 50 | 5 |
| F. A. Epstein, Edward Rose's uncle | 50 | 5 |
| Joseph R. Fradd | 500 | 50 |
|  | 1,000 | 100 |

*Retaining Company.*

|  | Shares. | Per cent. |
|---|---|---|
| Edward Rose | 150 | 30 |
| Henry Rose, Edward Rose's brother | 50 | 10 |
| I. G. Mann, Edward Rose's brother-in-law | 25 | 5 |
| F. A. Epstein, Edward Rose's uncle | 25 | 5 |
| Joseph R. Fradd | 250 | 50 |
|  | 500 | 100 |

The holdings of stock in the three corporations remained unchanged from January 1, 1919, until April 1, 1919, at which time Edward Rose purchased, by oral agreement, all the stock owned by Joseph R. Fradd, in the Fibre Company and the Retaining Company, for $45,000. Rose being unable to pay the amount of $45,000 at that time, they entered into an agreement to the effect that Rose should immediately take over the complete control of the properties and business of the two corporations, and that, if it should become necessary to vote the stock so purchased, Fradd would vote it as Rose might direct; that the formality of transferring the stock to Rose should be completed upon payment of the purchase price. Rose actually paid Fradd for the stock about October 1, 1919, at which time the stock was formally transferred. The necessity for voting the stock purchased from Fradd did not occur.

Of the stock purchased by Rose from Fradd, he sold and transferred 50 shares of the stock of the Fibre Company and 55 shares of the stock of the Retaining Company to a brother-in-law, S. I. Rosenberg; 10 shares of the Fibre Company's stock and 5 shares of the Retaining Company's stock were given by Rose to James D. Gluntz, his auditor; 2½ shares of the Retaining Company's stock were sold to his uncle, F. A. Epstein; 400 shares of the Fibre Company's stock were sold to the Edward Rose Company; 2½ shares, each, of the stock of the Retaining Company, were transferred to Henry Rose and I. G. Mann. The stock transferred to Henry Rose and Mann was to be paid for out of future profits, but is was actually held by Edward Rose during the remainder of the year 1919. From about October 1, 1919, the shares of voting stock of the three corporations stood in the names of the following persons:

*Edward Rose Company.*

|  | Shares. | Per cent. |
|---|---|---|
| Edward Rose | 1,500 | 100 |

*Fibre Company.*

|  | Shares. | Per cent. |
|---|---|---|
| Edward Rose | 390 | 39 |
| Henry Rose | 50 | 5 |
| I. G. Mann | 50 | 5 |
| F. A. Epstein | 50 | 5 |
| J. D. Gluntz | 10 | 1 |
| S. I. Rosenberg | 50 | 5 |
| Edward Rose Company | 400 | 40 |
|  | 1,000 | 100 |

*Retaining Company.*

|  | Shares. | Per cent. |
|---|---|---|
| Edward Rose | 357½ | 71.5 |
| Henry Rose | 27½ | 5.5 |
| I. G. Mann | 27½ | 5.5 |
| F. A. Epstein | 27½ | 5.5 |
| J. D. Gluntz | 5 | 1 |
| S. I. Rosenberg | 55 | 11 |
|  | 500 | 100 |

From April 1, 1919, Edward Rose actually controlled the corporations mentioned herein and during that time all the output of the Fibre Company was sold at prices directed or fixed by him. A large part of the output of the Fibre Company was sold to the Edward Rose Co.

The taxpayer concedes that the three corporations named herein were not affiliated prior to April 1, 1919. The Commissioner concedes that they were affiliated during the period October 1 to December 31, 1919.

The Edward Rose Co., the Fibre Company, and the Retaining Company filed a consolidated return for the year 1919. The Commissioner determined, however, that they were not affiliated during that year within the purview of section 240 (b) of the Revenue Act of 1918, and, therefore, not entitled to file a consolidated return; that, as to the Edward Rose Co., there is a deficiency in tax in the amount of $7,690.44. The deficiency letter was mailed to the taxpayer on January 8, 1925. The petition herein was filed February 18, 1925.

DECISION.

The Edward Rose Co., the New England Fibre Co., and the Nutfield Retaining Co. were affiliated from April 1, 1919, to December 31, 1919, inclusive, and the liability during that period should be determined on the basis of a consolidated return. Final determination will be settled on consent or on 15 days' notice, in accordance with Rule 50.

OPINION.

LITTLETON: The Commissioner concedes that the Fibre Company and the Retaining Company were affiliated during the year 1919, and that they were affiliated with the taxpayer, the Edward Rose Co., from October 1, 1919, to December 31, 1919. He contends that the three companies were not affiliated before October 1, 1919. The taxpayer admits that the three companies were not affiliated during the period January 1 to April 1, 1919. Therefore, the only question for determination is whether or not they were affiliated during the period April 1 to October 1, 1919.

The evidence clearly establishes the fact that from April 1 to October 1, 1919, Edward Rose owned all of the voting stock of the Edward Rose Co., 35 per cent of the stock of the Fibre Company, and 30 per cent of the stock of the Retaining Company. In addition, he actually held and controlled 10 per cent of the stock of the Fibre Company and 15 per cent of the stock of the Retaining Company, which stood in the names of Henry Rose and I. G. Mann. Fifty per cent of the stock of the Fibre Company and the Retaining Company stood in the name of J. R. Fradd.

On April 1, 1919, Rose agreed to purchase Fradd's stock, and Fradd agreed to sell it to Rose at a price then and there determined. For financial reasons it was also agreed that Fradd should retain actual possession of the stock until such time as Rose could pay the purchase price, but that Rose should immediately be placed in full and complete control of the two corporations, and would vote the stock in question in such manner as he might desire. The agreement was fully performed on both sides, Rose being in control of the corporations on and after April 1, 1919. It did not become necessary for Rose to require the voting of Fradd's stock. He, however, from the time the agreement with Fradd was made, controlled the stock standing in Fradd's name and, through such control, directed the affairs of the two corporations.

Upon careful consideration of the evidence in this appeal, we are of the opinion that from April 1 to October 1, 1919, Edward Rose owned all of the voting stock of the Edward Rose Co., and that he owned or controlled at least 95 per cent of the voting stock of the Fibre Company and the Retaining Company, and that, therefore, the three companies were affiliated during the period April 1 to October 1, 1919.

In its petition, the taxpayer alleges that the Commissioner erred in failing to apply the provisions of sections 327 and 328 of the Revenue Act of 1918 in determining its profits tax for the year 1919. It has not, however, presented any evidence in support of its claim for assessment under those sections, and the action of the Commissioner in regard thereto is approved.